**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne Elliott,<br><br>           Petitioner,<br><br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>           Respondents. | No. CV-18-03208-PHX-DJH<br><br>**ORDER** |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents have filed a Response (Doc. 13) and Petitioner filed a Reply (Doc. 14). Following a sound analysis, Magistrate Judge Eileen S. Willett recommended the Petition be denied. (Doc. 15). Petitioner filed an Objection (Doc. 16) to which Respondents responded (Doc. 18) and Petitioner replied (Doc. 19).

**I.     The R&R**

Judge Willett's Report and Recommendation ("R&R") accurately identifies the two grounds advanced by Petitioner in his Petition, the first being the State's alleged *Brady* violation for refusing to disclose exculpatory DNA evidence; and the second being an ineffective assistance of counsel claim that Petitioner's trial counsel coerced him into signing a plea agreement. (Doc. 15 at 2). After a thorough analysis and review of the state court's rulings on these issues, Judge Willett found that both of Petitioner's claims were without merit. Judge Willett accordingly found that Petitioner was not entitled to habeas

corpus relief, and recommends denial of his Petition. She further recommends denial of a Certificate of Appealability and leave to proceed *in forma pauperis* because "Petitioner has not made a substantial showing of the denial of a constitutional right." (Doc. 15 at 9). The parties were advised by Judge Willett that they had "fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.* at 10) (*citing* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72).

## II. Petitioner's Objection

In his Objection, Petitioner reiterates his *Brady* violation arguments that the State had a duty to disclose whether "DNA testing had been performed and completed, or not." (Doc. 16 at 3). Petitioner states "The Court is asked to simply look at the stack of paperwork in front of it, then consider the justices sitting on the Supreme Court 56 years ago as they discussed the rules of criminal procedure, and discovery requirements, and what is fair." (*Id.*)

## III. Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir.

2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Rule 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation. . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

**IV. Analysis**

The Court finds that it has no independent obligation to engage in a *de novo* review of the R&R. Petitioner has not triggered *de novo* review because his objections lack the requisite specificity. Petitioner does not object to any specific portion of Judge Willett's analysis at all. Instead, Petitioner reiterates arguments he advances in his Petition. Because Petitioner has not articulated what, if any, findings the Magistrate Judge did make as to his claims, the Court lacks any meaningful basis for review. Indeed, Petitioner's failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object. *See Warling*, 2013 WL 5276367, at *2 (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object."). If this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the

1 specific objection requirement, which "is judicial economy—to permit magistrate judges
2 to hear and resolve matters not objectionable to the parties." *Id.* at *2 (citing *Thomas*, 474
3 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). In light of the foregoing, the Court has no
4 obligation to review Petitioner's general objections to the R&R. *See id*. at *2 (citing
5 *Thomas*, 474 U.S. 149).

6 Although the Court could simply accept the R&R based upon this case law, it did
7 not. The Court reviewed the R&R, some of the many various exhibits referenced therein,
8 and the applicable law. It particularly reviewed the decision of the Arizona Court of
9 Appeals (Doc. 7 at 2) and agrees with Judge Willett that Petitioner has failed to show that
10 his *Brady* claim is contrary to, or involved an unreasonable application of, clearly
11 established Supreme Court precedent. (*See* Doc. 15 at 6). The Court is left with the firm
12 conviction that Magistrate Judge Willett's recommendations are well taken and are
13 supported by a correct application of the law throughout. Petitioner's Objection is
14 therefore overruled.

15 **V.    Conclusion**
16 Accordingly,
17 **IT IS ORDERED** that Magistrate Judge Willett's Report and Recommendation
18 (Doc. 15) is **ACCEPTED** and **ADOPTED** as the Order of this Court.
19 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant
20 to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.
21 **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing
22 Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis*
23 on appeal are **DENIED** because Petitioner has not made a substantial showing of the
24 denial of a constitutional right.
25 …
26 …
27 …
28 …

1   **IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action
2 and enter judgment accordingly.
3   Dated this 5th day of August, 2020.

Honorable Diane J. Humetewa
United States District Judge